IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RODGER SERATT                                                    PLAINTIFF

      v.                Civil No. 07-5210

TIMOTHY SERATT                                                   DEFENDANT

**O R D E R**

    Now on this 6th day of March, 2009, comes on to be considered defendant's **Motion for Summary Judgment (Doc. 43)** and plaintiff's Response (Doc. 45). The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1. Plaintiff instituted this diversity action against the defendant, his brother, on November 16, 2007. Plaintiff, proceeding pro se, alleges that in 1994 and 1995, he and the defendant entered into multiple unwritten agreements, in which the plaintiff loaned and/or entrusted funds and personal property to the defendant. Plaintiff apparently did this in anticipation of being sent to prison and, according to plaintiff, defendant assured him that the funds and property would be returned to plaintiff "upon demand." (Compl. ¶ 7.) Plaintiff alleges that pursuant to the unwritten agreements, the defendant owes him $76,000.00.

    2. The Court previously denied a motion for summary judgment that was filed by the defendant prior to the completion of discovery. (Doc. 25.) After the completion of discovery, the Court entered an order permitting the defendant to file a second motion for summary judgment. (Doc. 42.) In this motion, the

defendant argues, inter alia, that plaintiff's action is barred by the three-year statute of limitations set out in Ark. Code Ann. § 16-56-105, which applies to actions founded upon "any contract, obligation, or liability not under seal and not in writing."

3. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The Court considers the facts, and the inferences to be drawn from them, in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

4. With regard to the funds and property allegedly *loaned* to the defendant in 1994 and 1995, defendant argues that the three-year statute-of-limitations began to run when the loans were made and that the limitations period, therefore, expired long before the filing of this lawsuit in 2007.

The statute of limitations begins to run on a debt at its maturity. See Maddox v. City of Fort Smith, 346 Ark. 209, 219 (Ark. 2001). When, as here, the debt is payable on demand, the statute of limitations begins to run immediately. See id. Thus, the three-year statute of limitations on the loans allegedly made to the defendant in 1994 and 1995 expired in 1997 and 1998 respectively. Accordingly, plaintiff's claims regarding these loans are time-barred.

5. With regard to the funds and property allegedly *entrusted*

to the defendant, it appears that plaintiff is alleging transactions in the nature of bailments. See Howard W. Brill, Arkansas Practice Series: Law of Damages § 17:5 at pgs. 298-99 (5th ed. 2004) (a bailment is a contract under which personal property is delivered to the bailee, either for a particular purpose or on mere deposit, retained, and subsequently redelivered to the bailor; in effect, the bailee holds property in trust for the bailor).

The three-year limitations period begins to run in a bailment action when demand is made for return of the property and delivery is refused. See Johnson v. Gilliland, 320 Ark. 1, 6 (Ark. 1995). In his response to the current motion for summary judgment, plaintiff does not address when demand for return of his property and money was made. However, in his response to defendant's first motion for summary judgment, plaintiff asserted that he did not make a demand upon the defendant until November 16, 2007, when he sent the defendant a "Statement of Account" stating that the amount he owed "as a result of [the] loan or trust agreements" was "due immediately!" (Doc. 21 & Ex. 1.)

The defendant asserts that plaintiff demanded the return of his property and money in 1997, ten years prior to sending the above "Statement of Account." Defendant submits a letter dated June 9, 1997, in which the plaintiff asked that all of his personal belongings be delivered by the defendant to plaintiff's mother. (Doc. 43 Ex. 2.) Defendant also submits a letter dated June 18,

1997, in which the plaintiff accused the defendant of keeping his "life savings":

> I don't know what you have done with our savings, and you will not tell me. If you have any decency left, and if you have anything that you have bought, built, or purchased with our money, sell it for what you have in it and take the money to my family.... I only want our cash back - all of it.

(Doc. 43 Ex. 3.)

In his response to defendant's first motion for summary judgment, plaintiff submitted an affidavit stating that the June 18, 1997 letter (and other letters submitted by defendant) referenced a $42,000 "loan and/or trust agreement made between me and my ex-wife that is not part of this suit." (Doc. 21 Ex. 2.) To avoid summary judgment, the plaintiff must submit more than this self-serving affidavit. See Gander Mountain Co. v. Cabela's, Inc., 540 F.3d 827, 831 (8th Cir. 2008). The Court denied plaintiff's first motion for summary judgment when discovery was not yet complete. The plaintiff has now had an opportunity to engage in discovery, yet he offers nothing to substantiate his assertion that the June 18, 1997 demand letter was not applicable to the agreements at issue in this action. The letter makes no reference to the $42,000.00 agreement plaintiff claims it is in reference to; rather, it refers to plaintiff's "life savings" and demands "all of it" back.

Based on the foregoing, the Court finds that defendant has demonstrated that the letters sent by plaintiff in June 1997 constituted a demand for the return of any and all property and money allegedly entrusted to the defendant. Plaintiff has failed to demonstrate the existence of any genuine issue of material fact on this issue. Accordingly, the statute of limitations expired in June 2000, three years after these letters were sent.

6. Plaintiff argues that there was a "payment on the debt" so as to "start anew the statute of limitations period" on his claims. (Doc. 45 at ¶ 3.) Plaintiff contends that defendant's "agent," Terry McCauley, made this payment when, on January 13, 2008, he returned property valued at $3,000.00 to the plaintiff.

"The law is well settled that a voluntary partial payment tolls the running of the statute of limitations, and forms a new period from which the statute must be computed." Helms v. University of Missouri-Kansas City, 65 Ark. App. 155, 161 (Ark. Ct. App. 1999). To constitute payment, however, "the money or other thing must pass from the debtor to the creditor for the purpose of extinguishing the debt." Pettus v. Rawls, 131 Ark. 125, 125 (Ark. 1917).

Defendant submits excerpts from the deposition of Terry McCauley, in which McCauley explained that both plaintiff and defendant are like brothers to him. With regard to the property that he returned to the plaintiff, McCauley explained that the

defendant had refused to take possession of the property when plaintiff had asked him to, so McCauley took it to help plaintiff out and he held it until plaintiff picked it up.  (Doc. 43 Ex. 4.) Plaintiff points to the following excerpt from McCauley's deposition:

> Q   So [defendant] told you when I asked for my stuff, to give it back to me?
>
> A   Yes, sir.

(Id. at pg. 16.)  Such advice by the defendant with regard to property he never had in his possession can hardly be said to constitute a payment intended to extinguish any debt owed by the defendant.  The Court, therefore, rejects plaintiff's argument that this started "anew" the statute of limitations.

7.   Based on the foregoing, the Court finds that plaintiff's claims are barred by the statute of limitations.  Accordingly, the Court hereby orders as follows:

* Defendant's **Motion for Summary Judgment (Doc. 43)** is hereby **GRANTED** and plaintiff's claims are **DISMISSED WITH PREJUDICE**;

* Defendant's **Motion for Sanctions (Doc. 29)**, which the Court previously took under advisement, is **DENIED**;

* Defendant's **Motion in Limine (Doc. 35)** is **DENIED** as moot.

IT IS SO ORDERED this ____ day of March, 2009.

>                /S/JIMM LARRY HENDREN
>                JIMM LARRY HENDREN
>                UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED this ____ day of March, 2009.