```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

**RODGER SERATT**                                                      **PLAINTIFF**

           **v.**                **Civil No. 07-5210**

**TIMOTHY SERATT**                                                     **DEFENDANT**

## O R D E R

Now on this 3rd day of March, 2010, comes on for consideration **Defendant's Motion for Award of Attorney's Fees** (document #47), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

1.   The plaintiff brought this diversity action against the defendant on November 16, 2007.  The plaintiff alleged that in 1994 and 1995 he and the defendant entered into multiple unwritten agreements, in which the plaintiff loaned and/or entrusted funds and personal property to the defendant.  According to the plaintiff, defendant assured him that the funds and property would be returned to plaintiff "upon demand."  Plaintiff alleged that, pursuant to the unwritten agreements, the defendant owed him $76,000.00.

2.   On March 6, 2009, the Court granted defendant's Motion for Summary Judgment, finding that plaintiff's claims are barred by the statute of limitations, and dismissed plaintiff's claims with prejudice.

3.   On April 29, 2009, the defendant filed the instant motion for attorney's fees.

    4.    The plaintiff opposes the defendant's motion.

    5.    Although Rule 54 of the Federal Rules of Civil Procedure and Rule 54.1 of the Local Rules for the Eastern and Western Districts of Arkansas[1] control motions for attorney's fees, the instant motion is made pursuant to Rules 60(a) and 60(b)(6) of the Federal Rules of Civil Procedure.

The Court finds that Rules 60(a) and 60(b)(6) are not the appropriate rules under which the defendant should have sought attorney's fees.  Further, because the appropriate time period proscribed by Rule 54 had long since expired prior to the filing of the instant motion; and, because the Arkansas statute under which the defendant seeks attorney fees allows for discretionary application, the Court finds the motion should be, and hereby is, **denied**.

    **IT IS SO ORDERED.**

                                            /s/ Jimm Larry Hendren
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**

---

[1] Both FRCP 54 and Local Rule 54.1 establish that a motion for attorney's fees shall be filed within fourteen (14) days after the entry of judgment.  Further, Local Rule 54.1 provides that "[a] failure to present a timely petition for an award of attorney's fees may be considered by the Court to be a waiver of any claim for attorney's fees." The instant motion, made pursuant to Rule 60, was filed approximately thirty-four (34) days after the entry of judgment.